### LYNCH v. INTERNATIONAL BANKING CORPORATION.

Circuit Court of Appeals, Ninth Circuit. April 1, 1929.

Rehearing Denied May 6, 1929.

No. 5488.

Hiram W. Johnson, Jr., and A. A. De Ligne, both of San Francisco, Cal., for appellant.

Marcel E. Cerf, Martin P. Bruton, and B. E. Witkin, all of San Francisco, Cal., for appellee.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

RUDKIN, Circuit Judge. Some years ago the Pacific Coast Casualty Company commenced an action against the International Banking Corporation in one of the state courts of California to recover the value of eighteen bonds belonging to the casualty company, which had been wrongfully pledged by its president with the International Corporation to secure the payment of his individual promissory note. Soon after the commencement of the action, John C. Lynch was appointed receiver for the casualty company and was substituted as plaintiff in its place and stead. Among other defenses interposed in the action were the defenses of estoppel and ratification. The case was tried before the court without a jury, and, at the conclusion of the trial, the court filed a written opinion holding that there was a ratification of the act of the officer in pledging the bonds, but that the defense of estoppel was not sustained. Later, the court made and signed findings of fact and conclusions of law sustaining both defenses. The term of office of the trial judge expired soon thereafter, and a motion for a new trial was heard before another judge. The motion was denied, and an appeal was taken to the District Court of Appeal, where the judg-

ment was affirmed on the ground of estoppel. Lynch v. International Banking Corporation, 68 Cal. App. 432, 229 P. 968. A petition for rehearing was later denied by the Supreme Court of the state. The present suit was then instituted in the court below to enjoin the execution of the judgment of the state court and for the recovery of the value of the bonds. The bill of complaint was dismissed on motion of the defendant and the plaintiff has appealed.

The jurisdiction of a court of equity to set at naught the judgment of the state court seems to be based on the fortuitous circumstance that the trial judge wrote an opinion which differed in some respects from his ultimate findings. The appellate court held that the opinion of the trial court could not be substituted for the findings, and this conclusion was manifestly correct. But whether right or wrong is not for us to say. Indeed, had the findings of the trial court followed its opinion, the fact that the court of first instance based its decision on the ground of ratification and the appellate court on the ground of estoppel, would not affect the validity of the judgment. The distinction between the two, while well recognized, is often shadowy.

"In the literature of the law which is thus full upon the subject there has often been little inclination displayed to distinguish between ratification and estoppel in pais. The facts are usually set forth at length, and the conclusion is reached and expressed that such conduct amounts to ratification; and indeed, where the form which the ratification must take is not governed by statutory rules, it may and usually does matter little whether the acts of a principal are said to be such as to constitute a ratification, or to be such as to constitute an estoppel. By either name he is held equally bound." Blood v. La Serena L. & W. Co., 113 Cal. 221, 226, 45 P. 252, 253.

Here the state court had jurisdiction of the subject-matter and the parties, there was no claim of fraud, accident, or mistake, and in such cases the want of jurisdiction in a court of equity to set aside a judgment at law is too firmly established to admit of or require discussion.

"Equity will not set aside or enjoin a judgment recovered at law, against a party who had a full opportunity to defend himself, in a case of which the court had jurisdiction, simply on the ground that the judgment is irregular or erroneous, and it is immaterial that the judgment is unjust, or that the error was such as to warrant a new trial.

Mere irregularities or errors in the proceedings leading up to a judgment constitute no ground for equitable interference, whether errors of fact or errors of law, unless they are the result of fraud or collusion, or of such a nature as to deprive the party of all opportunity of making his defense in the action at law." 34 C. J. 450.

The decree is affirmed.