**DAVEGA–CITY RADIO, Inc., v. BOLAND et al.**

District Court, S. D. New York.

June 6, 1938.

Scandrett, Tuttle & Chalaire, of New York City (Miner W. Tuttle, of New York City, of counsel), for plaintiff.

John J. Bennett, Atty. Gen. of New York, and Henry Epstein, Sol. Gen., for certain defendants.

Burton A. Zorn, of New York City, for New York State Labor Relations Board.

Before SWAN, Circuit Judge, and WOOLSEY and MANDELBAUM, District Judges.

SWAN, Circuit Judge.

The purpose of this suit is to enjoin the New York State Labor Relations Board, from enforcing against the plaintiff the provisions of the State Labor Relations Act. Laws of 1937, Ch. 443, N.Y.Labor Law, Secs. 700–716. The plaintiff is a New York corporation which operates 26 retail stores within the state of New York and two stores in New Jersey. The defendants are the members of the State Labor Relations Board, the Governor of the state of New York and the Attorney General of the state. Originally Justice Bernard L. Shientag, a Justice of the Supreme Court of the state of New York, was named as a defendant but the plaintiff voluntarily dismissed the bill as against him. A court of three judges has been constituted pursuant to section 266 of the Judicial Code, 28 U. S.C.A. § 380, and argument has been heard upon the plaintiff's motion for an interlocutory injunction and the defendants' motion to dismiss.

The plaintiff's motion is based upon the bill, the answer and a supporting affidavit by H. W. Stein. There is no dispute as to the facts. The plaintiff is engaged in the purchase and sale at retail of radios, refrigerators and sporting goods, its total sales volume amounting to more than $7,-250,000 per year. During the year 1936 its purchases at wholesale prices amounted to about $4,385,000 and more than 40 per cent. thereof was shipped to the plaintiff in interstate commerce. More than $1,000,000 of its annual retail sales results from sales to customers located in New Jersey and Connecticut to whom the plaintiff ships merchandise from its warehouse within the state of New York. It ships annually over $400,000 worth of merchandise on mail orders received from states other than New York and from foreign countries; and also ships merchandise to and from its New York and New Jersey stores. It operates its business as a single unit with central purchasing, management, control of deliveries and accounting, and central installation and servicing of radios and refrigerators. Its bill alleges that to attempt to divide its operations in terms of state lines would cause it irreparable damage inasmuch as its competitive advantages reside in its ability to reflect in retail prices the

savings resulting from central administration. By reason of the foregoing facts it claims to be engaged in interstate commerce and to be subject exclusively to the jurisdiction of the National Labor Relations Act, 29 U.S.C.A. §§ 151–166. Nevertheless, the State Labor Relations Board assumed to take jurisdiction over its relations with its employees and issued an order directing it to cease from certain labor practices prohibited by the state Act and to perform certain affirmative acts. Thereafter the plaintiff, pursuant to subdivision 4 of section 707 of the state Act, petitioned the Supreme Court of the state of New York to vacate the order of the Board. This petition raised the same constitutional questions as are presented by the present bill of complaint. The state court, however, sustained the jurisdiction of the Board. It modified the Board's order in certain respects on the ground that the issues had become moot, but it confirmed the Board's order with respect to offering reinstatement to two discharged employees. From the order of the state court the plaintiff took an appeal to the Appellate Division, which is still pending, and sought to obtain a stay of the order pending appeal, but such stay was denied. Thereupon the plaintiff filed the suit at bar. Its bill of complaint alleges upon information and belief that the Board by its counsel "is now considering making an application for a rehearing to seek enforcement of the cease and desist" portions of the Board's order. It also alleges that the plaintiff will be in contempt of court unless it carries out the order of the state court, notwithstanding that the state Act is unconstitutional in its application to the plaintiff; that the actions of the defendants in seeking to enforce the provisions of the Act are causing the plaintiff damage; and that it has no adequate remedy at law.

■■ We think it clear on the face of the bill that the plaintiff has presented no case for an injunction. What it really seeks is to enjoin enforcement of the state court's order. The only action alleged to be threatened by the Board is the possible making of an application for a rehearing by the state court as to the cease and desist portions of the Board's order, and the charging of the plaintiff with contempt if it fails to comply with the court's order to offer reinstatement to two discharged employees. The granting of an injunction to stay proceedings in any court of a state is prohibited by section 265 of the Judicial Code, 28 U.S.C.A. § 379. While there are recognized exceptions to that prohibition, the present case does not fall within any of them. The suit must be dismissed on the authority of Hill v. Martin, 296 U.S. 393, 403, 56 S.Ct. 278, 282, 80 L.Ed. 293; Blackmore v. Public Service Commission, D.C. M.D.Pa., 12 F.Supp. 751, appeal dismissed, 299 U.S. 617, 57 S.Ct. 757, 81 L.Ed: 455; Ritholz v. North Carolina State Board, D. C.M.D.N.C., 18 F.Supp. 409.

■ There is also a further reason why the suit must be dismissed, namely, the principle that a decision of a state court may not be reviewed by bill in equity in a federal court. American Surety Co. v. Baldwin, 287 U.S. 156, 164, 53 S.Ct. 98, 100, 77 L.Ed. 231, 86 A.L.R. 298; Lynch v. International Banking Corp., 9 Cir., 31 F. 2d 942, certiorari denied, 280 U.S. 571, 50 S.Ct. 28, 74 L.Ed. 624; Furnald v. Glenn, 2 Cir., 64 F. 49, 54; Ritholz v. North Carolina State Board, D.C.M.D.N.C., 18 F.Supp. 409, 413. Here the plaintiff has presented to the state court the same questions as to the jurisdiction of the state Board that it wishes this court to decide. The issue having been decided adversely to it, its remedy is appeal through the appropriate state courts and, if necessary, review by the Supreme Court of the United States. It cannot obtain a review by this independent suit in the federal court.

Since the foregoing considerations preclude granting the plaintiff equitable relief, it is unnecessary to pass upon the defendants' additional contention that the plaintiff has failed to plead with sufficient particularity irreparable injury and the lack of an adequate remedy at law.

Accordingly, the plaintiff's motion for an interlocutory injunction is denied, and the defendants' motion to dismiss the bill is granted. The attorneys for the defendants must, in compliance with Equity Rule 70½, 28 U.S.C.A. following section 723, submit findings of fact and conclusions of law in accordance with this opinion, giving five days' notice to the plaintiff's attorneys. The plaintiff's attorneys may, if they wish to challenge any of the suggested findings of fact, file their objections thereto within the five days.