233 F.2d 220
 James F. SEXTON, Appellant,
v.
Eleanore M. BARRY, J. Frank Pollock, Judge, Probate Court of Lake County, The State of Ohio, The Court of Probate, Lake County, Carl V. Weygandt, Chief Justice, Supreme Court of Ohio, The State of Ohio, The Supreme Court of the State of Ohio, Appellees.
 No. 12569.
 United States Court of Appeals Sixth Circuit.
 April 18, 1956.
 
 James F. Sexton, Cleveland, Ohio, prose.
 Thomas O. Nevision, Allen C. Holmes, Robert W. Poore, Cleveland, Ohio, on brief, for appellee Barry.
 Oliver R. Marshall, Painesville, Ohio, for appellees J. Frank Pollock, Probate Judge, Carl V. Weygandt, Chief Judge, Supreme Court of Ohio.
 Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.
 ALLEN, Circuit Judge.
 
 
 1
 The District Court dismissed appellant's complaint, which alleged a violation of his constitutional rights by the Judge of the Probate Court of Lake County, Ohio, and by other defendants. This appeal was then instituted.
 
 
 2
 The case arises out of the following facts, which are undisputed:
 
 
 3
 In August, 1953, appellant, claiming to be a legatee of the estate of Patrick Sexton, deceased, filed in the Probate Court of Lake County, Ohio, a petition praying for discovery of assets of the estate, which appellant alleged had been wrongfully appropriated by appellee Eleanore M. Barry. The will was probated November 5, 1928, and the final account was approved in 1930. The Probate Court after an extended hearing determined that, after the administration of the estate of Patrick Sexton had been completed, the residue, thereof in accordance with the will, was distributed to two life tenants and that such property then ceased to be the property of the estate. The court therefore dismissed the action for want of jurisdiction. The judgment was reversed by the Court of Appeals for the Seventh District of Ohio and appellant thereupon made application to the Probate Court for appointment of a trustee and also for appointment of an administrator de bonis non. The Probate Court dismissed the application for appointment of trustee and continued the application for appointment of administrator. Appellee Barry meanwhile filed in the Supreme Court of Ohio a motion to certify the record, which was granted. That court unanimously held that the Probate Court had no jurisdiction in the proceedings and reversed the judgment of the Court of Appeals, In re Estate of Sexton (Sexton v. Barry), 163 Ohio St. 124, 126 N.E.2d 129. Appellant then filed in the Supreme Court of the United States a petition for certiorari to review the judgment of the Supreme Court of Ohio, which was denied October 11, 1955, 350 U.S. 838, 76 S.Ct. 75.
 
 
 4
 Prior to the decision of the Supreme Court of Ohio reversing the judgment of the Ohio Court of Appeals, appellant filed an affidavit of prejudice against the Judge of the Probate Court. In accordance with the usual practice the Chief Justice of the Supreme Court of Ohio suggested that the Judge of the Probate Court voluntarily retire from the case, which was done. Appellant objected to a statement made by the Probate Judge in the entry with reference to his withdrawal from the case and insisted that the Chief Justice of the Supreme Court of Ohio ask for a revision of the journal entry in the Probate Court. The Chief Justice declined to take this action on the ground that this matter was not within his jurisdiction. Later the Chief Justice appointed a disinterested judge from another Ohio county to hear the Probate Court proceedings, but this matter was held in abeyance while the case was pending in the Supreme Court of Ohio on motion to certify the record. Appellant filed the present complaint, December 17, 1954, joining with appellee Barry, whom he charged with fraudulent misappropriation, the Chief Justice of the Supreme Court of Ohio, the Supreme Court of Ohio, the Probate Court of Lake County, Ohio, and the Judge of the Probate Court of Lake County, Ohio, all of whom he alleged had deprived appellant of his constitutional rights. After the dismissal of this action by the United States District Court the Supreme Court of Ohio issued its decision reversing the judgment of the Ohio Court of Appeals. Appellant's action in the District Court sought a preliminary and final injunction restraining the Supreme Court of Ohio from conducting any further the proceedings now pending before it. It also sought a mandatory injunction requiring the Probate Court to revise its journal entry with reference to withdrawal from the case, an order directing the Chief Justice of the State of Ohio to assign an impartial judge to the Probate Court of Lake County to hear and determine the proceedings, an order directing appellee Barry to deliver certain assets of the estate into the custody of the Probate Court, and an order directing the Supreme Court of Ohio and the Probate Court to report to the United States District Court as to the disposition of all proceedings with reference to the estate and the trust and with reference to the compliance with the mandates of the District Court. The District Court dismissed the complaint upon the ground that, under Amalgamated Clothing Workers of America v. Richman Bros. Co., 6 Cir., 211 F.2d 449, affirmed by the Supreme Court of the United States in 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600, a federal judge should keep "hands off" in the use of the injunction to stay litigation in a state court.
 
 
 5
 The judgment of the District Court must be affirmed. Appellant's principal argument is assertion that the District Court committed reversible error because the Supreme Court of the United States in Capital Service, Inc., v. National Labor Relations Board, 347 U.S. 501, 74 S.Ct. 699, 98 L.Ed. 887, held that a District Court may issue an injunction against a state court during the pendency of proceedings in the state court. This was a labor relations case which involved conflict between the National Labor Relations Board and the state court. The petitioner had sought relief from picketing in a labor controversy in a state court, where it secured an injunction, and a few days later it filed a charge of unfair labor practice with the National Labor Relations Board, which in turn, under Section 10(l) of the National Labor Relations Act, 29 U.S.C.A. § 160(l) sought an injunction from the District Court staying the state court proceedings. The Supreme Court of the United States held that the jurisdiction of the National Labor Relations Board was exclusive, that it arose under a statute regulating commerce and fell within one of the express exceptions of 28 U.S.C. § 2283, and that the injunction issued by the federal court was valid and proper. The scope of the holding was limited by the subsequent decision of the Supreme Court in Amalgamated Clothing Workers of America v. Richman Bros. Co., supra, which held that, in absence of an application to the National Labor Relations Board in an action where an injunction was sought in a state court against picketing, the federal court had no jurisdiction to enjoin the state court action. Both cases involved the National Labor Relations Act and controlling questions were raised which do not exist here. However, the principle stated by this court in Amalgamated Clothing Workers of America v. Richman Bros. Co., supra, still applies. The general rule that under Section 2283 a federal court is without power to compel relitigation of cases already adjudicated in state courts is still in force. In spite of amendments which broaden the exception in the previous statute forbidding injunctions against state action by a District Court, Section 2283 "expresses on its face the duty of `hands off' by the federal courts in the use of the injunction to stay litigation in a state court." Cf. Toucey v. New York Life Insurance Company, 314 U.S. 118, 62 S.Ct. 139, 143, 86 L.Ed. 100.
 
 
 6
 Appellant's factual contention is that the Probate Judge was disqualified because of bias and prejudice, that he was guilty of a "fraud in law," that this fraud is admitted for the purpose of deciding the motion to dismiss and that the Chief Justice of the Supreme Court of Ohio by filing a motion to dismiss admits that he acted in collusion with the Probate Court to deprive appellant of his constitutional rights. While in deciding a motion to dismiss the complaint the court assumes the existence of facts well pleaded, Cf. Chessman v. Teets, 350 U.S. 3, 76 S.Ct. 34, mere conclusions of the pleader are not accepted as true. 27 C. J.S., Dismissal and Nonsuit, § 71, p. 248; Scott v. Empire Land Co., D.C., 5 F.2d 873, affirmed 5 Cir., 24 F.2d 417. Here there are no facts pleaded which even tend to show fraud of the Probate Judge, or collusion of the Chief Justice of the Supreme Court of Ohio. The allegations of fraud are mere conclusions. Typical is appellant's averment in the complaint that the journal entry of August 3, 1954, which the Probate Judge filed in withdrawing from the case, amounts to "fraud in law." Appellant's legal contentions arise out of his real grievance, which is that he lost his case. He claims that he was denied due process and equal protection of the laws. Section 2283 upon which he relies reads as follows:
 
 
 7
 "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."
 
 
 8
 Appellant's application for injunction plainly does not fall within the first exception of Section 2283, for such relief is not expressly authorized by Act of Congress. Also the injunction is not necessary to protect any judgment of the District Court. The only judgment issued by the District Court is the judgment of dismissal of appellant's action. However, appellant contends that injunction should be issued in order to aid the District Court's jurisdiction. This ignores what the Supreme Court has called "the closely circumscribed jurisdiction given to the District Court." Amalgamated Clothing Workers of America v. Richman Bros. Co., supra [348 U.S. 511, 75 S.Ct. 456]. No express nor implied jurisdiction is given to the District Court to enjoin court proceedings in an ordinary probate matter which is being tried in the state courts. To find that such jurisdiction exists in the District Court is "to generalize where Congress has chosen to specify." Amalgamated Clothing Workers of America v. Richman Bros. Co., supra. The District Court, as explained below, does not have jurisdiction to relitigate a case tried in the state courts, and hence an injunction will not aid its jurisdiction. Amalgamated Clothing Workers of America v. Richman Bros., supra, 348 U.S. 519, 75 S.Ct. 457. Individual cases relied on by appellant have no bearing here. In American Insurance Co. v. Lester, 4 Cir., 214 F.2d 578, the federal court had independent, exclusive jurisdiction under the Federal Declaratory Judgment Act. The case of Chessman v. Teets, supra, involves a conviction and sentence of death for first degree murder and an application, not for injunction staying the normal process of the courts, but for habeas corpus.
 
 
 9
 As to all of the questions presented, appellant had full hearing in three state courts. The Supreme Court of Ohio, in a unanimous opinion binding here, Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, upheld the Probate Court's conclusion that it had no jurisdiction because under the will a lawful distribution of the personal property had been made to the life tenants and such assets had ceased to be property of the estate.
 
 
 10
 The fact that appellant lost his case does not constitute denial of due process nor of equal protection of the laws. Law, in its regular course of administration through courts of justice, is due process, and, when secured by the law of the state, the constitutional requisite is satisfied. Due process is so secured by laws operating on all alike, and not subjecting the individual to the arbitrary exercise of the powers of government unrestrained by the established principles of private right and distributive justice. Caldwell v. Texas, 137 U.S. 692, 11 S.Ct. 224, 34 L.Ed. 816; Duncan v. Missouri, 152 U.S. 377, 14 S.Ct. 570, 38 L.Ed. 485. Due process is "a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial." Trustees of Dartmouth College v. Woodward, 4 Wheat. 518, 4 L.Ed. 629. The mere fact that a person is unsuccessful in a court in a matter involving life, liberty, or property does not show that there has been a violation of the due process of law guaranty. 12 Am.Jur. 273 (§ 577); Goltra v. Weeks, 271 U.S. 536, 46 S.Ct. 613, 70 L.Ed. 1074. The doctrine of due process does not confer the right to litigate the same question twice. Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 524, 51 S.Ct. 517, 75 L.Ed. 1244. The equal protection of law implies that all litigants similarly situated may appeal to courts for both relief and defense under like conditions, with like protection, and without discrimination. Old Colony R. Company v. Assessors of Boston, 309 Mass. 439, 35 N.E.2d 246. Appellant had due process and the equal protection of the laws.
 
 
 11
 As to appellant's allegations of bias and prejudice, it is the general rule that a judgment may not be attacked collaterally on the ground of judicial disqualification. Cunningham v. Mitchell, 9 Cir., 21 F.2d 881, certiorari denied 276 U.S. 614, 48 S.Ct. 208, 72 L.Ed. 732. The judicial act of a disqualified judge is only voidable and not void, and hence the disqualification does not affect the judge's jurisdiction. 48 C.J.S., Judges, § 97, p. 1109; 30 Am.Jur. 802 (Judges, Section 97); The Restatement of the Law of Judgments, Section 124; Crescent City Live-Stock Landing & Slaughter-House Co. v. Butchers' Union Slaughter-House & Live-Stock Landing Co., 120 U.S. 141, 7 S.Ct. 472, 482, 30 L.Ed. 614. In that case the Supreme Court of the United States held that a plaintiff who claimed that fraud existed in the procurement of a judgment in the state court of Louisiana could not attack the judgment collaterally in the federal District Court. The Supreme Court declared that the records of the proceedings of a judicial tribunal import verity; "its judgments cannot be impugned except by direct process from superior authority." In Owens v. Dancy, 10 Cir., 36 F.2d 882, certiorari denied 281 U.S. 746, 50 S.Ct. 351, 74 L.Ed. 1158, a petitioner in a habeas corpus proceeding alleged bias and personal prejudice on the part of the judge. The Circuit Court of Appeals ruled that the question of disqualification of a judge because of personal interest or bias could not be raised by collateral attack, but was reviewable only on error or appeal. To the same effect is Willis v. Scott, 10 Cir., 40 F.2d 330, 332, certiorari denied 282 U.S. 877, 51 S.Ct. 80, 75 L.Ed. 774. It was there asserted that the Chief Justice of the Supreme Court of Oklahoma was biased and prejudiced against appellant and that the judgment against appellant should therefore be set aside. The Court of Appeals assumed that the bias existed but refused to permit a collateral attack upon the judgment. It said:
 
 
 12
 "The extreme prejudice of Justice Branson may be assumed; yet it does not render the decision void. The subject was fully and carefully considered by this court in Owens v. Dancy [10 Cir.], 36 F.2d 882, and it was there ruled that the act of a disqualified judge is not void, but voidable only, and, while it is reviewable on error or appeal, it is not subject to collateral attack."
 
 
 13
 Moreover, it is the settled law that the District Court in the exercise of its equity powers will not review in an independent action orders entered by a state court. Appellant contends that he applied for the appointment of a trustee and the appointment of an administrator de bonis non after the reversal of the judgment of the Probate Court of Lake County by the Court of Appeals of the Seventh Judicial District of Ohio and before the reversal of that judgment by the Supreme Court of Ohio, and that the Probate Court was compelled to grant his application. Certainly it was not error for the Probate Court not to act upon appellant's application for an administrator de bonis non while the case was pending in the Supreme Court of Ohio on motion to certify the record.
 
 
 14
 What appellant asks is that this court order the District Court to relitigate the same issues which have now been finally disposed of by the Supreme Court of Ohio in a judgment binding on this court. As held by this court in General Exporting Co. v. Star Transfer Line, 6 Cir., 136 F.2d 329, 335, a federal District Court will not function as a court of review for the state court. The District Court there dismissed an action praying that proceedings in the state court be declared null, void, and of no effect and this court affirmed the decision of the District Court, stating:
 
 
 15
 "The attempt to relitigate in federal courts issues already determined in state court proceedings has been disapproved in numerous opinions of United States Courts below the grade of the Supreme Court. Ritholz v. North Carolina State Board of Examiners in Optometry, D.C.N.C., 18 F.Supp. 409, 413 (three-judge court); Davega-City Radio v. Boland, D.C.N.Y., 23 F. Supp. 969, 970 (three-judge court); Hall v. Ames, 1 Cir., 190 F. 138, 140, 141; Furnald v. Glenn, 2 Cir., 64 F. 49, 54."
 
 
 16
 Cf. Davega-City Radio, Inc., v. Boland, D.C.S.D.N.Y., 23 F.Supp. 969, 970, in which the court declared:
 
 
 17
 "There is also a further reason why the suit must be dismissed, namely, the principle that a decision of a state court may not be reviewed by bill in equity in a federal court. American Surety Co. v. Baldwin, 287 U.S. 156, 164, 53 S.Ct. 98, 100, 77 L.Ed. 231, 86 A.L.R. 298; Lynch v. International Banking Corp., 9 Cir., 31 F.2d 942, certiorari denied, 280 U.S. 571, 50 S.Ct. 28, 74 L.Ed. 624; Furnald v. Glenn, 2 Cir., 64 F. 49, 54; Ritholz v. North Carolina State Board, D.C.M.D.N.C., 18 F.Supp. 409, 413. Here the plaintiff has presented to the state court the same questions as to the jurisdiction of the state Board that it wishes this court to decide. The issue having been decided adversely to it, its remedy is appeal through the appropriate state courts and, if necessary, review by the Supreme Court of the United States. It cannot obtain a review by this independent suit in the federal court."
 
 
 18
 See also H. J. Heinz Co. v. Owens, 9 Cir., 189 F.2d 505, 509.
 
 
 19
 It is shown upon the face of this complaint that appellant regularly invoked the jurisdiction of the state court, the case was tried, judgment was rendered and eventually affirmed by the Supreme Court of Ohio. It is clear that appellant was not denied due process of law or the equal protection of the law under the Civil Rights Act, 42 U.S.C.A. § 1981 et seq. This Act does not create an exception to the general principle that a decision of the state court may not be reviewed by bill in equity in a federal court. Davega-City Radio, Inc., v. Boland, supra; Bottone v. Lindsley, 10 Cir., 170 F.2d 705.
 
 
 20
 As suggested by the Supreme Court of Ohio, Sexton v. Barry, supra, 163 Ohio St. 137, 138, 126 N.E.2d 136, 137, appellant's remedy is in the state Court of Common Pleas. Johnson v. Johnson, 51 Ohio St. 446, 38 N.E. 61. He has not availed himself of this remedy.
 
 
 21
 The judgment of the District Court is affirmed.