Irvin Lee "Jack" DAWKINS et al.,
Plaintiffs,

v.

William GREEN, City Manager of the City of Gainesville, Florida, T. E. (Ted) Williams, Mayor-Commissioner of the City of Gainesville, Florida, Walter Murphree, Commissioner of the City of Gainesville, Florida, William D. Joiner, Chief of Police of the City of Gainesville, Florida, T. E. (Ted) Duncan, State's Attorney; Alachua County, Florida, and J. M. Crevasse, Jr., Sheriff, Alachua County, Florida, Defendants.

Civ. A. No. 413.

United States District Court
N. D. Florida,
Gainesville Division.

April 25, 1968.

John Due, Quincy, Fla., William M. Kunstler and Arthur Kinoy, New York City, Morton Stavis, Newark, N. J., Dennis Roberts, Harriet Van Tassel & George Logan, Newark, N. J., for plaintiffs.

Earl Faircloth, Atty. Gen. State of Florida, T. T. Turnbull, Chief Trial Counsel, State of Florida, Tallahassee, Fla., Wayne M. Carlisle, Osee R. Fagan, Gainesville, Fla., for defendants.

## MEMORANDUM DECISION AND ORDER

CARSWELL, Chief Judge.

One hundred three separate plaintiffs, ninety-two individuals and eleven organizations, filed complaint against six defendants individually and as public officials of the City of Gainesville, Florida, or of Alachua County, Florida, seeking an injunction restraining the defendants, "their agents, employees, attorneys and all others acting in concert therewith from the enforcement, operation or exe-

cution of ss. 806.01 and 806.02, 870.01 and 843.01 of the [Statutes of the] State of Florida;" and further restraining the defendants, their agents, etc., "from impeding, intimidating, hindering and preventing the individual plaintiffs and the friends, supporters and members of the organizational plaintiffs from exercising rights, privileges and immunities guaranteed to them by the Constitution and laws of the United States."

Initially, the complaint sought to invoke the provisions of Title 28, United States Code, Sections 2281 and 2284, by seeking a three judge federal District Court to determine this proceeding and to declare the relevant Florida statutes relating to arson, common law rioting and resisting arrest unconstitutional on their face.

Upon hearing, however, counsel for plaintiffs withdrew demand for a three judge court and conceded that it was inappropriate. Thus, the Constitutionality of the subject Florida criminal statutes is not at issue, and on the face of them they are clearly within Constitutional limits.[1]

The defendants have answered and have filed sworn proofs in support there-of, together with further proofs in support of their respective motions for summary judgment and motions to strike. Timely notice on the motions was given and acknowledged. A pre-trial conference was held at which the pending motions for summary judgment and motions to strike were fully argued by counsel for the respective parties. Written briefs have been filed and considered following the second hearing.

Expunged of considerable volume of irrevelant matter in each, the complaint and answer and the pending motions for summary judgment present, basically, a simple factual question: Have the defendant public officials acted in bad faith in prosecuting the plaintiffs or some of them under the color of law enforcement to suppress and give a chilling effect to the exercise of the plaintiffs' rights as secured by the Constitution of the United States?

The entire thrust of the complaint is predicated upon the holding in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), which, under plaintiffs' interpretation thereof, would require federal intervention to the extent of issuing an injunction restraining at-

1. The subject statutes are:

(a) F.S. § 806.01, F.S.A. Arson, first degree

Any person who willfully and maliciously sets fire to, burns or causes to be burned or who aids, counsels or procures the burning of any dwelling house, whether occupied, unoccupied, or vacant, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto, whether the property of himself or of another, shall be guilty of arson, in the first degree, and upon conviction thereof, be punished by imprisonment in the state prison for not more than twenty years.

(b) F.S. § 806.02, F.S.A. Arson, second degree

Any person who willfully and maliciously sets fire to, burns or causes to be burned, or who aids, counsels or procures the burning of any building or structure of whatsoever class or character, whether the property of himself or of another, not included or described in the preceding section, shall be guilty of arson in the second degree, and upon conviction thereof, be punished by imprisonment in the state prison for not more than ten years.

(c) F.S. § 870.01, F.S.A. Punishment of affray

All persons guilty of an affray or riot shall be punished by imprisonment not exceeding twelve months, or by fine not exceeding five hundred dollars.

(d) F.S. § 843.01, F.S.A. Resisting officer with violence to his person

Whoever knowingly and willfully resists, obstructs or opposes any sheriff, deputy sheriff, officer of the Florida highway patrol, constable, municipal police officer, beverage enforcement agent or other person legally authorized to execute process, in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, shall be punished by imprisonment in the state prison not exceeding 2 years, or by imprisonment in the county jail not exceeding 1 year, or by fine not exceeding $1,000.00.

tempted enforcement of criminal laws by state officials upon a showing of bad faith as posed by the question above.

Since the filing of this complaint the Supreme Court on April 22, 1968 has given further exposition and clarification to *Dombrowski*, supra, in Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968). On the proofs before it here this Court can only conclude that plaintiffs are far short of the heavy burden as made explicit even in the dissent in *Cameron*, supra, where Mr. Justice Fortas said:

"And those who seek federal intervention bear a heavy burden to show that the State, in prosecuting them, is not engaged in use of its police power for legitimate ends, but is deliberately invoking it to harass or suppress First Amendment rights. *Dombrowski* should never be invoked when the State is, in substance and truth, engaged in the enforcement of valid criminal laws. *Ordinarily, the presumption that the State's motive was law enforcement and not interference with speech or assembly will carry the day.*" (Emphasis added.)

Moreover, of even more recent date, i. e., May 20, 1968, the Supreme Court has given per curiam affirmance to Brooks v. Briley, 274 F.Supp. 538 (M.D. Tenn.1967); 391 U.S. 361, 88 S.Ct. 1671, 20 L.Ed.2d 647 (1968); and Zwicker v. Boll, 270 F.Supp. 131 (W.D.Wis.1967); 391 U.S. 353, 88 S.Ct. 1666, 20 L.Ed.2d 642 (1968), both affirmances citing Cameron v. Johnson, supra.

From the proofs here it is clear that there was no harassment, intimidation or oppression of these complainants in their efforts to exercise their Constitutional rights, but some were arrested and they are being prosecuted in good faith under Constitutionally valid criminal laws of the State of Florida. As Mr. Justice Brennan said, speaking for the Court in *Cameron*, "Any chilling effect on the picketing as a form of protest and expression that flows from good-faith enforcement of this valid statute would not, of course, constitute that enforce-

ment an impermissible invasion of protected freedoms."

No proofs whatsoever were filed in opposition to the defendants' motion for summary judgment or its proofs which on the face of them categorically deny any effort or attempt to subvert the Constitutional rights of any of these named plaintiffs or the class they purport to represent. Here the presumption running in favor of the defendants is underpinned by sworn proofs and are not contradicted.

▆ The sole argument advanced by plaintiffs at the hearing in opposition to the motion for summary judgment was to the effect that Rule 56, Federal Rules of Civil Procedure, was inappropriate in such case and that they were entitled as a matter of law to have a full scale evidentiary hearing on all of their allegations. The Supreme Court has not taken such casual attitude toward Rule 56 and has indeed upheld the granting of summary judgment with respect to one of the respondents in Dombrowski v. Eastland, 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967). The urgings of plaintiffs that all of their prospective witnesses, numbering in excess of 130 persons plus some 75 attorneys who are members of the Alachua County, Florida Bar must be brought to the witness stand for examination flaunts the very purpose for Rule 56 and ignores the recent Supreme Court decisions.

Upon these findings there simply is no genuine issue as to any material fact and the defendants are entitled to summary judgment as a matter of law in accordance with Rule 56, Federal Rules of Civil Procedure.

▆ Moreover, it is also now made clear, by the Supreme Court affirmance of Brooks v. Briley, supra, that 28 U.S. C.A. § 2283, which prohibits federal courts from granting an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, states yet another reason why these state prosecutions cannot be enjoined. Other and earlier cases have

reached the same conclusion. See Baines v. City of Danville, 337 F.2d 579 (4th Cir. 1964), cert. den., Chase v. McCain, 381 U.S. 939, 85 S.Ct. 1772, 14 L.Ed.2d 702 (1965); Wojcik v. Palmer, 318 F.2d 171 (7th Cir. 1963), cert. den. 375 U.S. 930, 84 S.Ct. 331, 11 L.Ed.2d 263 (1963); Sexton v. Barry, 233 F.2d 220 (6th Cir. 1956). Apparently, only two federal courts have reached a contrary result and it is significant that both refused to grant the requested injunction in the exercise of equitable discretion. Cooper v. Hutchinson, 184 F.2d 119 (3d Cir. 1950); Tribune Review Publishing Co. v. Thomas, 153 F.Supp. 486 (W.D.Pa.1957).

Finally, it has been held in Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962), that those who have not been prosecuted or threatened with prosecution lack standing to seek enjoinment of criminal prosecutions. According to the complaint only 8 of the individual plaintiffs and none of the organizational plaintiffs fall into this category.

Counsel for plaintiffs have made it clear that the 8 individuals facing prosecution do not seek relief in this court by way of petition for removal, conceding on this record, as must be done, that the case of City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), effectively bars that route of frustrating these state prosecutions. Even the dissent of Mr. Justice Fortas in Cameron v. Johnson, supra, makes it clear that *Dombrowski*, supra, must be viewed in the light of City of Greenwood v. Peacock, supra, and may not be used as a vehicle to detour its plain teachings.

For these reasons then this Court concludes that this cause must be dismissed with injunction denied, for there is simply no legal basis for the attempted joinder of purported causes of action sounding as petitions for removal, writs of habeas corpus, petitions for reduction of bail, petitions to enjoin enforcement of valid criminal laws, all in the name of *Dombrowski*.

It is, therefore, upon consideration, hereby

Ordered:

1. Motions for summary judgment filed by the respective defendants be and they are hereby granted.

2. Prayer for injunctive relief be and it is hereby denied.

3. This cause stands dismissed.