Mark L. BORDAS, Plaintiff,

v.

WASHTENAW COUNTY, Washtenaw County Sheriff Ronald Schebil, Marlene Ralph, Steven Armstrong, Michael Hellman, Joon Hur and Matthew Berchert, Defendants.

Civil Action No. 97–40074.

United States District Court, E.D. Michigan, Southern Division.

Dec. 12, 1997.

Thomas R. Present, Bendure & Thomas, Detroit, MI, for Plaintiff.

Ian J. Reach, Reach & Hollenshead, Ann Arbor, MI, for Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

GADOLA, District Judge.

The instant suit involves claims under 42 U.S.C. § 1983.[1]  Before the court is a motion

---

1. In addition to the claims under 42 U.S.C. § 1983, plaintiff also asserted various state law claims against defendants.  This court entered an order on May 22, 1997 dismissing plaintiff's state law claims.

by defendants, Washtenaw County, Washtenaw County Sheriff Ronald Schebil and a group of Washtenaw County sheriff's deputies,[2] framed as both a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and a motion for summary judgment pursuant to Fed. R.Civ.P. 56. For the reasons set forth below, this court will grant defendants' motion to dismiss as to the claims against Washtenaw County and Sheriff Schebil, and grant defendants' motion for summary judgment with respect to all claims against the sheriff's deputies except the plaintiff's claims that the deputies violated his rights under the Fourth Amendment.

**Factual Background**

The facts in this case are in some dispute. For the purposes of the instant motion, this court will sketch briefly the facts according to the plaintiff.

On April 11, 1996, Washtenaw County Sheriff's Deputy Marlene Ralph was engaged in a routine traffic stop when she witnessed a vehicle driven by plaintiff proceed past her. Plaintiff claims to have been driving between 25–35 miles an hour. Deputy Ralph, however, believed that plaintiff was speeding, and hurried to her vehicle and attempted to follow plaintiff. Deputy Ralph activated her emergency lights and siren, but plaintiff did not pull over. Plaintiff then pulled into the driveway of his home on McKean Road. Upon exiting his vehicle, plaintiff hurried through an open garage door into the house, leaving his vehicle door ajar and the vehicle running.

Deputy Ralph called by radio for backup and waited outside the house. Deputy Ralph claims that she was concerned for the safety of the inhabitants of the house, not knowing if plaintiff lived there or if plaintiff was armed. Shortly thereafter, four other Washtenaw County sheriff's deputies arrived on the scene.[3] The deputies announced themselves as the "sheriff's department" and knocked repeatedly on the door. Plaintiff claims that the deputies were banging on the door with such force that the house was shaking. Plaintiff did not come to the door because he claims to have been fearful of the

officers. Subsequently, the officers entered the house and discovered plaintiff in a second floor hallway.

After Deputy Ralph identified plaintiff as the driver of the vehicle, plaintiff was arrested and handcuffed. This happened apparently without incident. However, as the deputies led plaintiff out of the house, plaintiff apparently yelled at some of the officers to "get off [his] carpet." At this moment, one of the officers holding plaintiff lost his balance, and believing that it was due to resistance by plaintiff, yelled out to the other officers to "get him." The officers then threw plaintiff against a table, injuring his elbow, forcibly restrained him on the floor and thrust his head against the ground. The officers then led plaintiff out of the house and threw him off of the front porch.

When the plaintiff arrived at the police station, he was asked if he needed medical attention and he answered in the negative. Plaintiff was released from jail at approximately seven a.m. on the same day. At about 4:30 p.m. that day, plaintiff presented himself to the hospital complaining of pain. Plaintiff sustained injuries to his arm, clavicle and neck.

On November 21, 1996, plaintiff was found guilty of fleeing and eluding a police officer. On April 1, 1997, plaintiff filed his complaint in this action. On September 19, 1997, defendants filed the instant motion to dismiss and/or for summary judgment.

**Discussion**

**1. Motion to dismiss pursuant to Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint which fails "to state a claim upon which relief can be granted." Rule 12(b)(6) affords the defendants in this case an opportunity to test whether, as a matter of law, the plaintiff is entitled to legal relief on his complaint even if everything alleged in the complaint is true. In applying the standards under Rule 12(b)(6), the court must presume all well-pleaded factual allegations in the

---

**2.** To date, plaintiff has not effected service upon defendant, Matthew Berchert.

**3.** The other officers to arrive on the scene were defendants, Steven Armstrong, Michael Hellman, Joon Hur and Matthew Berchert.

complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir.1995). The court need not, however, accord the presumption of truthfulness to any legal conclusion, opinions or deductions, even if they are couched as factual allegations. *Western Mining Council v. Watt,* 643 F.2d 618, 629 (9th Cir.1980); *Mitchell v. Archibald & Kendall, Inc.,* 573 F.2d 429, 432 (7th Cir.1978); *Sexton v. Barry,* 233 F.2d 220, 223 (6th Cir. 1956). Dismissal for failure to state a claim is disfavored:

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). *See also Cameron v. Seitz,* 38 F.3d 264, 270 (6th Cir. 1994) (stating that a motion to dismiss should be denied unless "it is clear that the plaintiff can prove no set of facts in support of [its] claim that would entitle [it] to relief").

■ Defendants argue that plaintiff has an obligation to present his § 1983 claims under a "heightened pleading standard" so that defendants' substantive right to claim qualified immunity is not impaired by the otherwise liberal pleading requirements of Fed.R.Civ.P. 8. *See Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991); *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). In *Veney v. Hogan,* 70 F.3d 917 (6th Cir.1995), the Sixth Circuit noted:

> For if it is the task of the district court 'expeditiously to weed out suits ... without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits,' ... then certainly some degree of pleading specificity is essential when the defense is raised by a motion to dismiss ....

*Id.* at 921 (citations omitted). The court went on to state that "if the original complaint alleged that a police officer 'used excessive force,' and qualified immunity is asserted, then plaintiff would be required to amend [his complaint] with allegations of evidence sufficient to demonstrate that the force used against him was, indeed, unreasonable." *Id.* at 922. As noted by the court in *Golyar v. McCausland,* 738 F.Supp. 1090 (W.D.Mich. 1990), conclusory allegations, where plaintiff pleads no facts to support the legal conclusions, are insufficient to state a claim for relief.

■ In the instant case, plaintiff's complaint is devoid of any specific factual allegations supporting his legal conclusions that his constitutional rights were violated. As a result, the complaint does not pass muster under the "heightened pleading standard" required in § 1983 actions. The remedy contemplated by the court in *Veney* was to dismiss the complaint and grant plaintiff leave to amend his complaint with specific factual allegations. However in this case, plaintiff has submitted the trial testimony of plaintiff and plaintiff's nephew from the state court criminal action. This testimony contains plaintiff's version of the events at issue and provides the necessary factual basis for his claims against the sheriff's deputies. Because plaintiff has indicated that he would just transport these allegations from the trial transcript to the complaint, in the interest of judicial economy this court will take those facts as true and decide the instant motion, as it pertains to the claims against the sheriff's deputies, as a motion for summary judgment.

■ However, the trial testimony submitted by plaintiff offers no specific factual averments that would support a claim against Washtenaw County or Sheriff Schebil. This court notes at the outset that claims against municipalities and police department heads are notoriously difficult to make out. *See, e.g., City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Board of County Comm'rs of Bryan County v. Brown,* —— U.S. ——, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). At oral argument, plaintiff admitted that, other than this incident, he has no factual support for the claim that there was a policy or practice in the Washtenaw County sheriff's department to allow the deprivation of the constitutional rights of citizens. Plaintiff asks this court to allow him to take the deposition of Sheriff Schebil so that

plaintiff can question the sheriff directly about a possible policy or practice in the Washtenaw County sheriff's department of violating citizens' constitutional rights. However, this misconstrues plaintiff's burden in pleading his claims under § 1983. The purpose of the "heightened pleading standard" in § 1983 actions is to "weed out" frivolous suits without requiring those who would rightly claim qualified immunity to engage in expensive and time-consuming defense of suits, including an appearance at a deposition. To be entitled even to take Sheriff's Schebil's deposition, plaintiff must come forth with specific factual averments that would state a cause of action against Washtenaw County or Sheriff Schebil. To date, plaintiff has come forth with no such claims.

As a result, this court will dismiss plaintiff's claims against Washtenaw County and Sheriff Schebil, and pursuant to *Veney*, this court will grant plaintiff fifteen days within which to amend his complaint to include specific factual averments which, if true, would support a claim against those defendants. Only if the amended complaint passes muster under the "heightened pleading standard" required in § 1983 actions will plaintiff be entitled to take the deposition of Sheriff Schebil.[4]

Accordingly, this court will grant defendants' motion to dismiss as to defendants, Washtenaw County and Washtenaw County Sheriff Ronald Schebil.

This court now turns to the remaining claims against the sheriff's deputies.

### 2. Motion for summary judgment pursuant to Rule 56

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the non-moving party's case on which the non-moving party would bear the burden of proof at trial. *Martin v. Ohio Turnpike Commission*, 968 F.2d 606, 608 (6th Cir.1992); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the non-moving party. *60 Ivy Street Corporation v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). In other words, the disputed fact must be one which might affect outcome of the suit under the substantive law controlling the issue. *Henson v. National Aeronautics and Space Administration*, 14 F.3d 1143, 1148 (6th Cir.1994). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Accordingly, where a reasonable jury could not find that the non-moving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Feliciano v. City of Cleveland*, 988 F.2d 649 (6th Cir. 1993).

Once the moving party carries its initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the non-moving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the non-moving party must present more than just some evidence

---

4. This court also notes that, even if Sheriff Schebil's deposition is taken, plaintiff agreed at oral argument to dismiss his claims against Washtenaw County and Sheriff Schebil unless the deposition produces substantial evidence that there is in fact a policy or practice of violating citizens' constitutional rights within the Washtenaw County Sheriff's department.

of a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986):

There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the [non-moving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Consequently, the non-moving party must do more than raise some doubt as to the existence of a fact; the non-moving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991).

In his complaint, plaintiff claims that the defendants violated the following constitutional rights:

a) Plaintiff's right to be free from illegal seizure of his person as guaranteed by the [Fourth Amendment]; [5]

b) Plaintiff's right to be free from illegal corporal punishment, the excessive use of physical force, withholding of immediate medical attention and the loss of liberty without due process of the law, as guaranteed by the [Fifth and Fourteenth Amendments];

c) Plaintiff's right to be free from an invasion of the privacy of his person, as guaranteed by the [Fourteenth Amendment];

d) Plaintiff's right to be free from cruel and unusual punishment as guaranteed by the [Eighth Amendment].

(Pl. Comp. at 6). On the facts of this case, plaintiff's complaint sets forth only claims that the officers engaged in an unreasonable search and seizure in violation of his rights under the Fourth Amendment, in that the officers entered his home unlawfully and used excessive force in effecting his arrest.

The other claims in plaintiff's complaint are either subsumed by the claims under the Fourth Amendment, or not supported by the facts of this case.

■ First, plaintiff's claims of excessive force and loss of liberty in subsection (b) which are based on plaintiff's right to substantive due process are subsumed by the claims under the Fourth Amendment. As noted by the Supreme Court in *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989):

[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.

The claim in subsection (b) that defendants withheld immediate medical attention is also flawed, by plaintiff's own testimony. As defendants rightly point out:

Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment.

*Ramos v. Lamm*, 639 F.2d 559 (10th Cir.), *cert. denied*, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1980). In the instant case, plaintiff was asked when he arrived at the police station whether he needed any medical treatment, and he answered in the negative. As a result, he is now unable to claim that defendants denied him medical treatment.

■ Second, plaintiff has offered no authority to show how his "invasion of privacy" claim in subsection (c) is distinguishable from his claim under the Fourth Amendment that the officers unlawfully entered his home and unlawfully seized him. Accordingly, this claim is also subsumed by plaintiff's claims under the Fourth Amendment.

■ Third, plaintiff's Eighth Amendment claim in subsection (d) alleging cruel and

---

**5.** Because the defendants are state officers as opposed to federal officers, the claims are actually claims under the Fourteenth Amendment, but the claims are evaluated under Fourth Amendment standards.

unusual punishment must fail because plaintiff was a pre-trial detainee and not a convicted person. As held by this court in *Frahm v. Starks,* 809 F.Supp. 26, 28 (E.D.Mich. 1992), the purpose of the Eighth Amendment is to protect convicted persons and not pretrial detainees.

What is left before this court are plaintiff's claims that the officers engaged in an unreasonable search and used excessive force in contravention of plaintiff's rights under the Fourth Amendment.

### a. Qualified immunity

The sheriff's deputies claim qualified immunity, and this court must address the issue as a threshold question to liability.

■ Government officials who perform discretionary functions are entitled to qualified immunity from civil suits for damages arising out of the performance of their official duties as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *See Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). A claim of qualified immunity depends on whether the defendant's conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known. *Id.* at 638–40, 107 S.Ct. at 3038–39; *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

■ To defeat a motion for summary judgment based on a claim of qualified immunity in the Sixth Circuit, a plaintiff must establish two things. First, the allegations must state a claim of the violation of clearly established law. Second, the plaintiff must present evidence sufficient to create a genuine issue as to whether the defendant in fact committed the acts that violated the law. *See Adams v. Metiva,* 31 F.3d 375, 386 (6th Cir.1994).

■ With respect to the first element, the Sixth Circuit has noted that "[i]t is well settled that '[a]bsent exigent circumstances, police officers may not enter an individual's home or lodging to effect a warrantless arrest or search.'" *United States v. Johnson,* 22 F.3d 674, 679–80 (6th Cir.1994) (quoting *United States v. Morgan,* 743 F.2d 1158,

1161 (6th Cir.1984), *cert. denied,* 471 U.S. 1061, 105 S.Ct. 2126, 85 L.Ed.2d 490 (1985)); *see also Russo v. City of Cincinnati,* 953 F.2d 1036, 1043 (6th Cir.1992). Moreover, as held by the Sixth Circuit in *Adams,* the right to be free from the use of excessive force under the Fourth Amendment is also a clearly established right. *See id.* at 386–87 (citing *Graham v. Connor,* 490 U.S. 386, 392–93, 109 S.Ct. 1865, 1869–70, 104 L.Ed.2d 443 (1989)). Once plaintiff clears this first hurdle, the issue is whether "plaintiff has alleged specific facts supported by sufficient evidence to indicate what [the officer] allegedly did was objectively unreasonable in light of these clearly established constitutional rights." *Id.* at 387.

At this point, this court notes that the requirement to overcome a motion for summary judgment based on a claim of qualified immunity and the requirement to overcome a motion for summary judgment with respect to the underlying Fourth Amendment violation merge. That is, in both instances, plaintiff is required to come forth with evidence sufficient to create a genuine issue of material fact as to whether the officers' conduct was objectively unreasonable under the circumstances. *See Poe v. Haydon,* 853 F.2d 418, 426 (6th Cir.1988) (noting that a summary judgment based on a qualified immunity defense is not appropriate in a § 1983 action "if there is a factual dispute (i.e. a genuine issue of material fact) involving an issue on which the question of immunity turns").

### b. The reasonableness of the entry into the house

Defendants rely heavily on the fact that plaintiff was convicted in state court of fleeing and eluding the police to establish that their entry of the house was reasonable. Defendants claim that plaintiff's fleeing and eluding gave the officers probable cause to arrest plaintiff. In addition, defendants rely on Deputy Ralph's claim that she did not know that plaintiff had entered his own house. Deputy Ralph asserts that she was fearful for the lives of the occupants of the house on McKean Road because at that time she did not know if the plaintiff was armed or that the plaintiff lived there. Defendants argue that, given Deputy Ralph's belief, it

was reasonable for the officers on the scene to believe that there were exigent circumstances that would justify entry of the house.

Plaintiff, on the other hand, relies heavily on the ruling of the state court excluding from plaintiff's criminal trial any statements made by plaintiff after his arrest because the arrest was unlawful. The court held that there were no exigent circumstances confronting the officers at the time of the arrest, and thus that the arrest itself was unlawful. Plaintiff asserts that Deputy Ralph called in the license plate on plaintiff's car, and was informed that the car was registered to a resident of 10337 McKean Road. The other four officers who later arrived on the scene were dispatched specifically to 10337 McKean Road. Plaintiff argues that Deputy Ralph's claim that she did not know that the address the plaintiff had entered was 10337 McKean Road is not credible. The state court apparently agreed, because in its November 18, 1996 order the court noted that "the only information that the officers had at the time regarding any residents . . . appears to have been information that the vehicle which the defendant drove belonged to someone located at that address." This led the court to conclude that the arrest was unlawful.

■ It is true that the state court ruling was based on the interpretation of a Michigan statute and not the United States Constitution. However, an analysis of the instant facts viewed in the light most favorable to plaintiff suggests that there is a genuine issue of material fact as to whether the entry of the house by the officers was reasonable under the Fourth Amendment.

As the Supreme Court noted in *Anderson*, 483 U.S. at 641, 107 S.Ct. at 3039, "the relevant question . . . is the objective (albeit fact-specific) question whether a reasonable officer could have believed [the] warrantless search[] to be lawful, in the light of clearly established law and the information the searching officers possessed." The Sixth Circuit has found exigent circumstances to be present in cases of: (1) hot pursuit of a fleeing felon; (2) imminent destruction of evidence; (3) a need to prevent the suspect's escape; and (4) a risk of danger to police or others. *See United States v. Rohrig*, 98 F.3d 1506, 1515 (6th Cir.1996). The sole basis

offered by defendants for a finding of exigent circumstances in this case is their belief that someone inside the house was in imminent danger. Deputy Ralph testified that she felt someone may have been in danger because she did not know at the time that the house belonged to plaintiff. Defense counsel admitted at oral argument that if the officers knew the house belonged to plaintiff, entry of the premises to effect a misdemeanor arrest would have been unreasonable. In this case, it does appear that there is a genuine issue of material fact as to whether the deputies knew that the car Deputy Ralph had pursued was registered to the address at which the officers found themselves. If they were aware of that fact, then it would be unreasonable for them to claim that exigent circumstances justified a warrantless entry of the premises to effect a misdemeanor arrest.

As noted by the Sixth Circuit, summary judgment based on a qualified immunity defense is not appropriate in a § 1983 action "if there is a factual dispute (i.e. a genuine issue of material fact) involving an issue on which the question of immunity turns." *Poe*, 853 F.2d at 426.

Accordingly, this court finds the sheriff's deputies are not entitled to summary judgment on the issue of whether the arrest was unreasonable under the Fourth Amendment.

#### c. Excessive Force

■ The issue of excessive force in this case is more straightforward. Plaintiff claims that he did not resist the officers at all, yet he was thrown against a table and to the ground, knelt upon while his head was thrust against the floor, and thrown off of his front porch. Taking plaintiff's allegations as true, it is clearly unreasonable for the officers to have used that degree of force to effect a misdemeanor arrest in the plaintiff's own home. Plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether these defendants in fact committed a violation of clearly established law, as required to overcome both a claim of qualified immunity and the underlying claim for summary judgment. *See Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir.1994).

As a result, this court will deny defendants' motion for summary judgment as to

the Fourth Amendment claims against the sheriff's deputies.

**Conclusion**

Accordingly, this court having reviewed the submissions of the parties and being fully advised in the premises,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss plaintiff's claims against defendants, Washtenaw County and Washtenaw County Sheriff Ronald Schebil, pursuant to Fed.R.Civ.P. 12(b)(6), is **GRANTED.**

**IT IS FURTHER ORDERED** that the claims against defendants, Washtenaw County and Washtenaw County Sheriff Ronald Schebil, contained in Count II of plaintiff's complaint are **DISMISSED.** Plaintiff is granted leave of fifteen (15) days from the date of entry of this order in which to amend his complaint in accordance with the terms set forth in this opinion.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment as to the claims against defendants, Marlene Ralph, Steven Armstrong, Michael Hellman and Joon Hur, pursuant to Fed.R.Civ.P. 56 is **GRANTED in part and DENIED in part** in accordance with the terms set forth in this opinion.

**SO ORDERED.**