VENEY, Appellee and Cross–Appellant,

v.

**MASSILLON PSYCHIATRIC CENTER et al., Appellants and Cross–Appellees.**

[Cite as *Veney v. Massillon Psychiatric Center* (1991), 66 Ohio App.3d 665.]

Court of Appeals of Ohio,
Stark County.

No. CA–8516.

Decided Oct. 21, 1991.

*Roetzel & Andress Co., L.P.A.,* and *Robert J. Tscholl,* for appellee and cross-appellant.

*Lee I. Fisher,* Attorney General, and *David J. Kovach,* Assistant Attorney General, for appellants and cross-appellees.

---

GWIN, Judge.

Defendants-appellants and cross-appellees, Massillon Psychiatric Center and Frank Fleisher ("appellants"), and plaintiff-appellee and cross-appellant, Terry Veney ("appellee"), appeal from the judgment entered in the Stark County Court of Common Pleas ordering appellee to be reinstated to the unclassified position of Mental Health Administrator 5, effective January 1, 1991, and be paid the benefits and salary of that position from that date, after finding appellee had established a *prima facie* case of removal for cause, and appellants had failed to follow the mandatory procedures under R.C. 124.34. Appellants assign the following as error:

"The trial court erred when it determined that the return of the appellee from his Mental Health Administrator 5 position in the unclassified service to the Administrative Assistant 3 position in the classified service was a removal for which the appellants were required to demonstrate just cause."

Appellee assigns the following as error:

"The trial court abused its discretion by not reinstating Terry Veney to the Mental Health Administrator 5 position retroactive to January 23, 1990."

Appellee began his employment with the state as an Administrative Assistant 3, a classified civil service position, on July 31, 1978. On June 30, 1980, appellee accepted a promotion in an unclassified civil service position within the classification of Mental Health Administrator 3. In 1986, appellee accepted another promotion in an unclassified civil service position within the classification of Mental Health Administrator 4.[1] At the time of this last promotion, appellee signed a document entitled "Employees Agreement to be Appointed to the Unclassified Service," which provided:

"Being fully advised that an unclassified employee serves at the pleasure of the appointing authority and that the provisions of Section 124.34 of the Revised Code are not applicable to an unclassified employee, I hereby voluntarily agree to be appointed to the position of Men. Health Adm. 4 which I am fully advised is an unclassified position per Division (A)(13) or (A)(14) of

---

1. Appellee's unclassified civil service position within the classification of Mental Health Administrator 4, was subsequently changed to the classification of Mental Health Administrator 5, which change had no effect as to appellee's salary and job description.

Section 124.11 of the Revised Code. I further understand that any continuing service in this position is subject to the requirements of Division (C) of Section 5119.071 of the Revised Code and Rule 5122–7–11 of the Administrative Code."

Also at this time, appellee signed a document entitled "Statement of Options—Unclassified Employees," that contained the following language:

"As an unclassified employee, you serve at the pleasure of your appointing authority. Your appointment to the unclassified service may therefore be revoked at any time without a showing of cause as to why this action is being taken."

In July 1988, the Department of Mental Health began a reorganization.

On November 13, 1989, appellee was advised by the appointing authority of appellant Massillon Psychiatric Center, Frank Fleisher, Chief Executive Officer of that institution, that his unclassified position as a Mental Health Administrator 5 may possibly be "revoked." At that time, appellant Fleisher gave appellee a copy of a document entitled "Statement of Options—Unclassified Employees," which included options for appellee to request a written statement of reasons for the revocation, and an opportunity to request an informal meeting to discuss the matter. Appellee exercised these options.

On December 11, 1989, appellant Fleisher gave appellee a memorandum entitled "Statement of Reasons" for the revocation of appellee's position as Mental Health Administrator 5 at the Massillon Psychiatric Center. The memorandum set forth the reason for appellee's revocation as economy, efficiency, and span of control.

On December 20, 1989, an informal meeting between appellee, appellee's attorney, appellant Fleisher, and Personnel Director of appellant Massillon Psychiatric Center, was held in accordance with the Department of Mental Health and Mental Retardation Rule 5122–7–11(F). On December 26, 1989, appellant Fleisher revoked appellee's appointment, and effective January 22, 1990, appellee's unclassified status was changed to the classified status within the classification of Administrative Assistant 3, the original classified position appellant held.

Appellee timely appealed appellant Fleisher's decision to the State Personnel Board of Review, which appeal was dismissed for lack of jurisdiction because appellee was in the unclassified service.

Appellee filed a timely appeal to the Stark County Court of Common Pleas, where the court determined that appellee had established a *prima facie* case of removal for cause, and that appellants failed to follow the mandatory procedures under R.C. 124.34. The court ordered that appellee be reinstated

to the unclassified civil service position within the classification of Mental Health Administrator 5, effective January 1, 1991, and that appellee be paid benefits and salary for that position effective that date.

## I

Through their sole assignment, appellants claim the *revocation* of appellee's appointment to the unclassified state civil service was not a *removal* of appellee and the appointing officer may *revoke* appellee's appointment for no reason or for any non-discriminatory reason.

Accordingly, the issue before us is whether appellee's unclassified civil service position was revoked by appellant Fleisher or whether appellee was removed for cause from that position by appellant Fleisher. Appellants assert that they properly followed the administrative scheme prescribed by Rule 5122–7–11(F) in revoking appellee's unclassified civil service position, whereas appellee contends that appellants should have instead followed the administrative scheme prescribed by Rule 5122–7–11(G). As noted above, the trial court found in favor of appellee's contention, and for the reasons that follow, we reverse the trial court's judgment and find in favor of appellants' contention.

Rule 5122–7–11 provides in pertinent part:

"(A) The purpose of this rule shall be to establish procedures governing placement of employees in the unclassified service, revocation of an unclassified employee's appointment, and removal or suspension of unclassified employees.

" * * *

"(C) The following definitions shall apply to this rule in addition to or in place of those appearing in Rule 5119–1–01 of the Administrative Code:

" * * *

"(7) 'Removal' means a dismissal from duty for reasons specified in Section 124.34 of the Revised Code.

"(8) 'Revocation of appointment' means the withdrawal of an employee's appointment to the unclassified service.

" * * *

"(F) The following procedure shall apply when the appointing authority determines that revocation of an unclassified employee's appointment may be necessary:

"(1) The appointing authority shall meet with the employee to inform him that revocation of his unclassified appointment is being considered. The employee shall be given a statement of options (see 'appendix FFF") and a

copy, noting the employee's receipt of same, shall be retained by the appointing authority. At this time the employee shall be requested to resign his unclassified appointment to eliminate the need for further consideration of a revocation action. If the employee is entitled to and the appointing authority does not wish to retain him in a backup position, the employee may also be requested to waive his backup position in the classified service. If the employee is willing to voluntarily resign his unclassified appointment and waive his right to a backup position, his resignation should state this fact.
"* * *

"(G) When in the opinion of the appointing authority an employee appointed to an unclassified position from the classified service would be removed for cause sufficient to remove a classified employee under Section 124.34 of the Revised Code then the appointing authority shall follow the procedures used to remove a classified employee. Employees appointed directly to the unclassified service without first having served in the classified service need not be removed for cause. Their services may be terminated at any time by using the procedures in paragraph (F) of this rule which does not constitute a removal under Section 124.34 of the Revised Code."

From the above, it is clear that "removal" contemplates a complete termination of all employment, while "revocation of appointment" contemplates that the unclassified employee reserves the right to return to his original position in the classified service that he held prior to accepting the unclassified appointment. Revocation of appointment does not sever total employment, but merely reverts the unclassified employee to his prior status. Finally, "removal," as opposed to "revocation of appointment," involves the complete termination of an unclassified employee for cause which is sufficient to terminate a classified employee.

The facts in this case conclusively demonstrate appellant Fleisher revoked appellee's appointment and returned him to his original classified service, rather than completely terminating or removing appellee's employment.

Therefore, appellants did comply with the provisions of Rule 5122–7–11 in revoking appellee's appointment, and, it follows appellants were not required to provide appellee a hearing pursuant to R.C. 124.34 because appellee was not removed for cause.

Accordingly, the trial court erred in finding appellee was removed for cause and that appellant failed to follow the mandatory procedures under R.C. 124.34. The trial court thereby erred in reinstating appellee to the position of Mental Health Administrator 5, in the unclassified civil service, and ordering

appellee be paid back benefits and salary for the position.  Therefore, we reverse the trial court's judgment and order that appellee be returned to his classified civil service position as an Administrative Assistant 3.

## II

For the reasons previously stated, the sole assignment of error raised in appellee's cross-appeal is hereby overruled.

For the foregoing reasons, the judgment entered in the Stark County Court of Common Pleas is hereby reversed.

*Judgment reversed.*

PUTMAN, P.J., and MILLIGAN, J., concur.