Terry A. VENEY, Plaintiff–Appellee,

v.

Michael HOGAN; Carol Hernandez; Frank D. Fleischer; and Martha Knicely, Defendants–Appellants.

No. 94–3757.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 18, 1995.

Decided Dec. 5, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied Jan. 24, 1996.

Michael A. Moses (argued and briefed), Columbus, OH, for Plaintiff-Appellee.

Jack W. Decker (argued and briefed), Office of Attorney General of Ohio, Columbus, OH, for Defendants-Appellants.

Before: NORRIS and SUHRHEINRICH, Circuit Judges; FORESTER, District Judge.*

* The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

ALAN E. NORRIS, Circuit Judge.

The question raised by this appeal is whether, in view of the unique framework within which a district court considers the defense of qualified immunity, a plaintiff bringing an action against individual governmental officials under 42 U.S.C. § 1983 must satisfy a heightened standard of pleading when the defense is raised pursuant to a motion to dismiss. We hold that there is a heightened standard. Because the amended complaint of plaintiff Terry A. Veney failed to plead sufficient facts to support his claim that defendants deprived him of rights secured by the First Amendment, we conclude that they are entitled to qualified immunity.

## I.

Plaintiff began working for the State of Ohio in 1978 as an Administrative Assistant 3, a classified civil service position. Gradually, he rose through the ranks to the unclassified positions of Mental Health Administrator 3 and Mental Health Administrator 4. Throughout his tenure, plaintiff worked for the Ohio Department of Mental Health ("ODMH").

On January 22, 1990, Veney was demoted to his original classified position, Administrative Assistant 3. An appeal of that action to the state's Personnel Board of Review proved unavailing, as did a subsequent action filed in state court. *Veney v. Massillon Psychiatric Ctr.*, 66 Ohio App.3d 665, 585 N.E.2d 941 (1991). In his state court suit, Veney limited his claims to violations of state law procedures.[1]

After these adverse decisions, plaintiff turned to the federal courts and invoked 42 U.S.C. § 1983, naming six employees of the State of Ohio as individual defendants.[2] In a two-count amended complaint, he first alleged that defendants' breach of state procedures violated his right to due process. The district court dismissed this count on *res judicata* grounds because the Ohio court of

appeals had already held that plaintiff was not entitled to the procedural protections that he relied upon to support his allegation of due process violations. This decision has not been appealed.

The amended complaint's second count (styled "remaining constitutional claims") contains the following paragraphs:

Defendants retaliated against Plaintiff for expressions of his First Amendment rights, such as utilizing procedures for O.A.C. 5122–7–11(F) [governing rights available when appointment revoked] as well as the departmental grievance procedure, complaining of Defendant Fleischer's long distance phone calls for personal use, complaining of Defendant Fleischer's application of the relevant regulations and policies of the Massilon [sic] Psychiatric Center, the Department of Mental Health as well as other State and Federal Laws, challenging improper hiring and promotional practices with respect to other employees in violation of civil service laws and affirmative action laws, attempting to join an employee organization as defined in O.R.C. Section 4117.01 and as authorized O.R.C. Section 4117.03(A), and complaining against Defendants for other wrongful and improper actions, thus harming or infringing upon his rights under theFirst and Fourteenth Amendments of the U.S. Constitution.

Defendants breached their duties to Plaintiff by revoking his appointment, demoting him in position, and denial of promotional and employment opportunities as described above, and otherwise injuring him in his employment and his reputation for reasons unrelated to their work rules and policies, for reasons in violation of the Plaintiff's constitutional rights and for reasons contrary to law and that the Defendants knew or should have known that their conduct would cause the Plaintiff great pecuniary loss and expense.

---

1. The complaint also alleged age discrimination, a count that he voluntarily dismissed prior to trial.

2. Only four of the six defendants are parties to this appeal. They are Michael Hogan, Director

of ODMH; Martha Knicely, its former Director; Carol Hernandez, Area Deputy Director of ODMH; and Frank Fleischer, Chief Executive Officer of the Massillon Psychiatric Center, which is operated by ODMH.

Complaint, ¶¶ 33–34. While his initial complaint[3] raised a First Amendment claim, it did not include any of the detail found in the amended complaint.

The district court denied defendants' motion to dismiss with respect to the First Amendment claim. In holding that the defense of qualified immunity did not apply, the court noted that "[a]n adverse employment action taken against a public employee in retaliation for the exercise of his First Amendment rights has been recognized as a claim under § 1983 by the United States Supreme Court since at least 1977. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)."

With respect to whether plaintiff alleged sufficient facts to constitute a violation of First Amendment rights, the district court read the Supreme Court's opinion in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), for the proposition that "the liberal pleading standards of Rule 8(a) apply with equal force to assertions of qualified immunity on behalf of individual defendants." In reaching this conclusion, however, the district court acknowledged that *Leatherman* explicitly reserved the qualified immunity issue for another day: "We [ ] have no occasion to consider whether our qualified immunity jurisprudence would require a heightened pleading in cases involving individual government officials." 507 U.S. at 166–67, 113 S.Ct. at 1162.

## II.

■■■ Qualified immunity extends to "government officials performing discretionary functions ... insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). As the Supreme Court explained in *Mitchell v. For-*

syth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), qualified immunity represents

an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law. The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.

*Id.* at 526, 105 S.Ct. at 2815. Whether an official "may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987) (citations omitted). For a law to be "clearly established" in the context of qualified immunity,

[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Id.* at 640, 107 S.Ct. at 3039 (citations omitted).

■■■ As the court made clear in *Harlow,* the appropriateness of qualified immunity represents a "threshold" legal question for the district court. *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738. The trial court need not deny a defendant the right to qualified immunity simply because a complaint adequately alleges violation of clearly established law. Rather, a plaintiff must allege sufficient facts "to create a genuine issue as to whether the defendant in fact committed those acts." *Mitchell,* 472 U.S. at 526, 105 S.Ct. at 2815.

---

**3.** In reality, this was not the first complaint. He had filed an earlier action in federal court that was dismissed without prejudice when the par-

ties were not prepared to proceed. Pleadings in this earlier case made no mention of First Amendment violations.

Since qualified immunity is an affirmative defense that must be pleaded by the defendant official, *Harlow*, 457 U.S. at 815, 102 S.Ct. at 2736, the plaintiff need not fully anticipate the defense in the complaint. *Poe v. Haydon*, 853 F.2d 418, 424 (6th Cir. 1988), *cert. denied*, 488 U.S. 1007, 109 S.Ct. 788, 102 L.Ed.2d 780 (1989). It follows, then, that when a qualified immunity challenge is made to the complaint, the plaintiff is entitled to the opportunity to come forward with additional facts or allegations that show not only the violation of his rights, but also that these rights were so clearly established when the acts were committed that any official in the defendant's position, measured objectively, would have clearly understood that he was under an affirmative duty to refrain from the conduct. *Dominque v. Telb*, 831 F.2d 673, 676 (6th Cir.1987). If this pleading burden is not carried by plaintiff in either the original complaint or by a pleading in response to defendant's assertion of the qualified immunity defense, dismissal is proper. *Cameron v. Seitz*, 38 F.3d 264, 273 n. 2 (6th Cir.1994).

A question then remains concerning the specificity with which plaintiff must plead facts in order to satisfy his burden of responding to the defense. At first glance it may appear that the district court's duty to protect a defendant's substantive right to qualified immunity, *Mitchell v. Forsyth*, 472 U.S. at 526, 105 S.Ct. at 2815, is in tension with the liberal pleading requirements that are said to be contemplated by Federal Rules of Civil Procedure 8(a)(2) and 8(e)(1).[4] For if it is the task of the district court "expeditiously to weed out suits … without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits," *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991), then certainly some degree of pleading specificity is essential when the defense is raised by a motion to dismiss and the court is called upon to determine if "it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1103 (6th Cir.1995) (noting that pleading standard, though liberal, requires more than mere legal conclusions). This is especially evident when one considers that the defense is to be adjudicated at the "earliest possible stage of a litigation," *Anderson v. Creighton*, 483 U.S. at 646 n. 6, 107 S.Ct. at 3042 n. 6, and its early assertion is intended, in a proper case, such as when factual particulars are known to the plaintiff, to permit a defendant to avoid the expense and burden of discovery. *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. As Justice Kennedy has observed,

> [t]he heightened pleading standard is a departure from the usual pleading requirements of Federal Rules of Civil Procedure 8 and 9(b), and departs also from the normal standard for summary judgment under Rule 56. But avoidance of disruptive discovery is one of the very purposes for the official immunity doctrine, and it is no answer to say that the plaintiff has not yet had the opportunity to engage in discovery. The substantive defense of immunity controls.

*Siegert*, 500 U.S. at 236, 111 S.Ct. at 1795 (Kennedy, J., concurring).

There is an unfortunate tendency in some quarters to overstate the liberality of the reform in pleading practice wrought by the adoption of Federal Rule of Civil Procedure 8. *See* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* Civil 2d § 1202 (1990) (criticizing use of term "notice pleading"). Some appear to argue that one need only place the opposing party "on notice" of the nature of a claim and that conclusory allegations will suffice, when in reality the rule envisions a "statement of circumstances, occurrences, and events in

---

4. Rule 8 reads in part:
   (a) **Claims for Relief.** A pleading which sets forth a claim for relief … shall contain … (2) a short and plain statement of the claim showing that the pleader is entitled to relief….
   ….

(e) **Pleading to be Concise and Direct; Consistency.**
(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required. Fed.R.Civ.P. 8.

support of the claim presented.... [T]he complaint must disclose information with sufficient definiteness." *Id.* § 1201 n.11 (1990) (quoting Advisory Committee's 1955 Report).

■ Accordingly, when a plaintiff pleads his claim in generalized "notice" form, and the defense of qualified immunity is asserted through a motion to dismiss, the plaintiff is required to respond to that defense. If his original complaint is deficient in that regard, he must amend his complaint to include the specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity. For example, if the original complaint alleged that a police officer "used excessive force," and qualified immunity is asserted, then plaintiff would be required to amend with allegations of evidence sufficient to demonstrate that the force used against him was, indeed, unreasonable. It is in this sense that a heightened standard attaches to plaintiff's pleading.[5]

Whether one deems the plaintiff's burden in response to a defense of qualified immunity that has been asserted in a motion to dismiss to be a heightened pleading requirement or instead a zealous adherence to the directive of Federal Rule of Civil Procedure 8 that plaintiff plead the "circumstances, occurrences, and events" in support of his claim, failure to impose such a burden at the pleading stage would eviscerate the substantive rights afforded by the qualified immunity defense. The promise of early exit from a lawsuit offered by qualified immunity is an empty promise if plaintiffs are routinely permitted to survive a motion to dismiss with mere "notice" pleading.[6]

### III.

■ Manifestly, the amended complaint before us fails to conform to the pleading standard just articulated. That complaint alleges that defendants retaliated against plaintiff for complaining about Fleischer's "application of relevant regulations and policies" and personal use of telephones, "challenging improper hiring and promotional practices with respect to other employees," and complaining about "other wrongful and improper actions" taken by defendants. It fails to indicate the precise content and form of the complaints and challenges, the context in which they were made, and when and to whom they were made. Furthermore, with the exception of defendant Fleischer, the complaint does not allege wrongdoing by any particular defendant. It is this sort of inchoate, generalized form of pleading that fails to convey to the district court the information it needs to determine whether a defendant is entitled to qualified immunity. Clearly, if the affirmative defense of qualified immunity is to fulfill its purpose of protecting public officials from litigating baseless claims, plaintiff's pleading falls far short of the standard that is necessary to weed out meritless claims. Since it was plaintiff who says he complained and challenged, he is in the best position to plead the facts that would defeat qualified immunity, if such facts exist.

---

**5.** A similar scenario would apply should the defense first be asserted by answer. Judge Patrick Higginbotham, writing for the en banc court of the Fifth Circuit, suggests that the district court, pursuant to Federal Rule of Civil Procedure 7(a), could insist that plaintiff file a reply tailored to answer the defense of qualified immunity. *Schultea v. Wood,* 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc). Should the defense be raised by the individual defendant by a motion for summary judgment, it would follow that the burden by the plaintiff would be a heightened production of summary judgment documentation under Rule 56. Any discovery undertaken in that regard should be limited to the defense of qualified immunity.

**6.** A number of circuits have endorsed a heightened pleading standard under these circum-

stances. *Schultea,* 47 F.3d at 1430; *Hunter v. District of Columbia,* 943 F.2d 69, 76 (D.C.Cir. 1991); *Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1485 (11th Cir.1992), *cert. denied,* 507 U.S. 987, 113 S.Ct. 1586, 123 L.Ed.2d 153 (1993); *Sawyer v. County of Creek,* 908 F.2d 663, 667 (10th Cir.1990); *Branch v. Tunnell,* 937 F.2d 1382, 1386–87 (9th Cir.1991); *Brown v. Frey,* 889 F.2d 159, 170 (8th Cir.1989), *cert. denied,* 493 U.S. 1088, 110 S.Ct. 1156, 107 L.Ed.2d 1059 (1990); *Elliott v. Thomas,* 937 F.2d 338, 344–45 (7th Cir.1991), *cert. denied,* 502 U.S. 1074, 112 S.Ct. 973, 117 L.Ed.2d 138 (1992); *Dunbar Corp. v. Lindsey,* 905 F.2d 754, 763–64 (4th Cir.1990); *Krohn v. United States,* 742 F.2d 24, 31–32 (1st Cir.1984).

## IV.

For the foregoing reasons, the order of the district court denying defendants' motion to dismiss is **reversed**, and the cause is **remanded** for further proceedings consistent with this opinion.