92 F.3d 1185
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl F. McKINNEY, P.E., Plaintiff-Appellant,
v.
KENTUCKY STATE BOARD OF EXAMINERS AND REGISTRATION OF
ARCHITECTS; Kentucky State Board of Registration
for Professional Engineers and Land
Surveyors, Defendants,
L. Wayne Tune, Executive Director, Kentucky State Board of
Examiners and Registration of Architects, in his official
and individual capacities; Larry S. Perkins, Executive
Director, Kentucky State Board of Registration for
Professional Engineers and Land Surveyors in his official
and individual capacities, Defendants-Appellees.
 No. 95-5859.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1996.
 
 Before: MERRITT, KEITH, SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from the district court's order dismissing his First and Fourteenth Amendment claims in this action brought pursuant to 42 U.S.C. § 1983. We AFFIRM.
 
 I.
 
 2
 Plaintiff Earl F. McKinney, P.E., a professional engineer registered and licensed by defendant Kentucky State Board of Registration for Professional Engineers and Land Surveyors ("Engineers Board"), claims that defendant Wayne Tune, executive director of defendant Kentucky State Board of Examiners and Registration of Architects ("Architects Board") and defendant Larry Perkins, the executive director of the Engineers Board, violated his First and Fourteenth Amendment rights by improperly pursuing retaliatory disciplinary proceedings against him and intentionally disseminating false information to the licensing boards of other states regarding the status of the investigation. Plaintiff claims that the motive for retaliation derives from an anonymous letter sent to Tune which stated that plaintiff had been "filtering information on the Architects and Engineers he has gather[ed] through his sources to the F.B.I. and Attorney Generals office pertaining to campaign contributions."
 
 
 3
 The district court dismissed all the defendants pursuant to Fed.R.Civ.P. 12(b)(6). Specifically, the court dismissed the Engineers Board and the Architects Board on the basis of Eleventh Amendment immunity. The court also dismissed plaintiff's claims for damages against Perkins and Tune in their official capacities. It further ruled that Tune and Perkins in their individual capacities were entitled to qualified immunity on plaintiff's First Amendment claim. As for the Fourteenth Amendment claim, the court held that plaintiff had failed to state a claim. Finally, the court declined to exercise jurisdiction over the remaining claims for injunctive relief against Perkins and Tune based on the Younger[1] abstention doctrine. On appeal, plaintiff challenges the court's ruling regarding Perkins and Tune.
 
 II.
 A.
 
 4
 We agree with plaintiff that Tune and Perkins are not entitled to qualified immunity on plaintiff's First Amendment claim. Assuming for the moment that plaintiff's allegations are true, Tune and Perkins, as state officials authorized to conduct disciplinary proceedings which affect an individual's livelihood, should have known that they could not use their position to retaliate against plaintiff for his protected speech. The "unlawfulness" of such conduct, in both instituting an investigation and passing along information to other state boards, would be "apparent" to a reasonable state official.[2] See Mt. Healthy City School Dist. Bd. v. Doyle, 429 U.S. 274 (1977) (holding that nontenured teacher may not be discharged in retaliation for exercise of free speech). See also Futernick v. Sumpter Township, 78 F.3d 1051, 1057 (6th Cir.1996) (holding that "[i]t is clear that selective enforcement intended to discourage or punish the exercise of a constitutional right, especially the right to criticize the government, is sufficient basis for § 1983 relief"; discussing well-established doctrines of selective and vindictive prosecution), petition for cert. filed, (U.S. July 18, 1996) (No. 96-100).
 
 
 5
 Nevertheless, we think dismissal of this claim was appropriate because plaintiff fails to satisfy the heightened pleading standard required when a qualified immunity defense is raised. See Veney v. Hogan, 70 F.3d 917 (6th Cir.1995) (holding that original or amended complaint must allege specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome qualified immunity defense). Plaintiff's amended complaint alleges that the reference in the anonymous letter "regarded the activities of a number of architects and engineers registered with the defendant Boards who were being investigated and/or prosecuted for criminal violations of Kentucky's campaign finance laws ... includ[ing], upon information and belief, members of the Engineers Board and Don Q. Wallace." Yet it "fails to indicate the precise content and form" of the investigations, fails to identify "the context in which they were made," and fails to provide "when ... they were made." See Veney, 70 F.3d at 922. With the exception of Don Wallace, none of the individuals supposedly under investigation is named, nor is it indicated what exactly they did, or even what plaintiff reported, other than a generalized allegation of violating campaign finance laws.
 
 
 6
 In addition, it is unclear why Perkins and Tune would want to retaliate. There is no indication that Perkins and Tune themselves have been accused of wrongdoing or even investigated by the FBI, or any allegation explaining why Perkins or Tune would want to protect other architects and engineers being investigated. The absence of factual particulars in the amended complaint here makes it virtually impossible for the district court to protect defendants' substantive right to qualified immunity. Id. at 921 (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). As we stated in Veney, "[i]t is this sort of inchoate, generalized form of pleading that fails to convey to the district court the information it needs to determine whether a defendant is entitled to qualified immunity." Id. Dismissal, albeit for reasons different from those relied on by the district court, was proper.
 
 B.
 
 7
 The district court correctly dismissed plaintiff's Fourteenth Amendment claims. This circuit recognizes that the freedom to pursue a career is a protected liberty interest, and that state regulation of occupations through a licensing process gives rise to protected property interests. See, e.g., Wilkerson v. Johnson, 699 F.2d 325, 328 (6th Cir.1983). Yet plaintiff has not asserted a claim for deprivation of a liberty interest. To establish deprivation of such an interest, plaintiff must allege the loss of a government right, benefit or entitlement, and that such loss occurred at the same time as the stigmatizing publication. Siegert v. Gilley, 500 U.S. 226 (1991); Paul v. Davis, 424 U.S. 693 (1976); Mertik v. Blalock, 983 F.2d 1353 (6th Cir.1993). Plaintiff has not alleged a loss of his professional license.
 
 
 8
 Plaintiff's property interest claim fails for the same reason. The disciplinary proceeding is still pending, and as the district court correctly noted, plaintiff does not have a legitimate claim to be free from investigation by state agencies that suspect him of plan stamping. Further, plaintiff does not otherwise claim that the disciplinary process is inadequate. See generally, Purisch v. Tennessee Technological Univ., 76 F.3d 1414, 1423-24 (6th Cir.1996) (noting that "root requirement" of due process is that individual be given opportunity for hearing before he is deprived of any significant property right). The district court's dismissal was proper.
 
 
 9
 Given this outcome, we need not address the remaining arguments. AFFIRMED.
 
 
 
 [1]
 Younger v. Harris, 401 U.S. 37 (1971)
 
 
 [2]
 Perkins' counsel acknowledged this at oral argument