Harold E. FITZGERALD,
Plaintiff–Appellant,

v.

BUREAU OF WORKERS COMPENSATION; James Conrad, Administrator; John Fish, Director, Field Operations; Diane L. Brown, Customer Service; Jenny Beck, Claims Representative Supervisor; Roy Lawson, Claims Representative; Vanessa Velez, Legislative Information; Jeff Daggot, Special Investigations; Patricia Barton, Rehabilitation Nurse; Janice Henry, Receptionist, D.B. Kirk, Ohio Highway Patrolman, Defendants–Appellees.

No. 01–3261.

United States Court of Appeals,
Sixth Circuit.

Nov. 30, 2001.

Before JONES, NELSON, and DAUGHTREY, Circuit Judges.

### ORDER

Harold E. Fitzgerald, an Ohio resident proceeding pro se, appeals a district court judgment dismissing his civil suit filed pursuant to 42 U.S.C. §§ 1983 and 1985. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 18, 2000, Fitzgerald filed a complaint against Ohio State Highway Patrolman D.B. Kirk, the Ohio Bureau of Workers Compensation ("Bureau"), and the following employees of the Bureau: James Conrad, John Fish, Diane L. Brown, Jenny Beck, Roy Lawson, Vanessa Velez, Jeff Daggot, Patricia Barton, and Janice Henry ("Bureau defendants"). Fitzgerald alleged that during the spring of 1997, he became dissatisfied with the way his workers compensation claim was being handled and publicly criticized the Bureau. As a result of his criticism of the Bureau, Fitzgerald alleged that the Bureau defendants failed to properly process his workers compensation claim and conspired to file false criminal complaints against him. Fitzgerald claimed that the Bureau defendants falsely accused him of making threatening telephone calls to Brown and "menacing by stalking" in order "to stop [him] from communicating with the news media, civil rights organizations, and elected officials." Kirk investigated the complaints filed against Fitzger-

ald and filed criminal charges against him. According to Fitzgerald, all charges against him were subsequently dismissed.

The defendants filed a motion for judgment on the pleadings, to which Fitzgerald, through counsel, responded. The district court granted the defendants' motion and dismissed the case. Fitzgerald, who is now proceeding pro se, has filed a timely appeal. He requests oral argument in his reply brief.

We review de novo a district court's grant of a Fed.R.Civ.P. 12(c) motion for judgment on the pleadings. *GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir.1995). A motion for judgment on the pleadings may be granted if construing the facts in the light most favorable to the plaintiff, the pleadings fail to state a claim for relief. *Id.*

 Upon review, we conclude that the district court properly granted judgment on the pleadings in favor of the Bureau defendants, as they are entitled to qualified immunity. Qualified immunity protects government officials performing discretionary functions from liability for civil damages as long as " 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Sova v. Mt. Pleasant*, 142 F.3d 898, 902 (6th Cir.1998) ( quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Fitzgerald's complaint, as amended by his attorney, failed to allege that the Bureau defendants violated a clearly established constitutional right. Furthermore, Fitzgerald's response to the defendants' motion for judgment on the pleadings contains mere conclusory allegations regarding his own beliefs and opinions. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir.1995) (in response to a defendant's assertion of qualified immunity, a plaintiff must articulate "specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity").

Fitzgerald also failed to allege facts that would establish his entitlement to the workers compensation benefits that he allegedly did not receive. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (in order to assert a property interest in a benefit, a person must have a legitimate entitlement to it, rather than a mere desire or expectation of receiving it). Additionally, although Fitzgerald argued that the Bureau defendants did not follow the appropriate procedures when processing his claim for workers compensation benefits, be failed to provide any facts in support of his contention. *See Veney*, 70 F.3d at 922.

 We further conclude that the district court properly dismissed Fitzgerald's § 1985 claim. In order to establish a cause of action under § 1985(3), a plaintiff must show that the named defendants were involved in misconduct that was motivated by " 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.' " *Bartell v. Lohiser*, 215 F.3d 550, 559–60 (6th Cir.2000) (quoting *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 829, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)). Fitzgerald's complaint contained no factual allegations that the defendants' alleged actions were based upon his race.

Accordingly, the request for oral argument is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.