**Douglas SOLLITTO, Plaintiff–Appellant,**

v.

**Betty MITCHELL, et al., Defendants–Appellees.**

No. 00–3908.

United States Court of Appeals, Sixth Circuit.

Dec. 14, 2001.

Before MARTIN, Chief Judge; BATCHELDER, Circuit Judge; and SARGUS, District Judge.[*]

---

[*] The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

PER CURIAM.

Plaintiff Douglas Sollitto appeals the district court's determination that defendants Betty Mitchell, Jacqui Visintine and John Morrison are entitled to qualified immunity on his claim under 42 U.S.C. § 1983. For the following reasons, we AFFIRM.

## I.

Sollitto, a corrections officer at the Mansfield Correctional Institution filed this lawsuit under section 1983 against his supervisor at Mansfield, Morrison; the warden, Mitchell; and the former Labor Relations Officer, Visintine. In a disjointed, conclusory Complaint, Sollitto alleged that defendants retaliated against him for his actions "in the areas of organized labor and expression" and sought to prevent him "from obtaining high union office."

When defendants claimed that they were entitled to qualified immunity, Sollitto amended his Complaint by adding a laundry list of adverse actions that defendants allegedly took against him. When defendants again raised the issue of qualified immunity, Sollitto supplemented his Amended Complaint by alleging two additional adverse actions.

The district court granted defendants' Motion for Judgment on the Pleading, and Sollitto appealed.

## II.

■ This Court reviews a district court's finding of qualified immunity *de novo. See Long v. Norris,* 929 F.2d 1111, 1114 (6th Cir.1991).

■ Government officials performing discretionary functions are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "[A] plaintiff bringing an action against individual governmental officials under 42 U.S.C. § 1983 must satisfy a heightened standard of pleading when the [qualified immunity] defense is raised pursuant to a motion to dismiss." *Veney v. Hogan,* 70 F.3d 917, 919 (6th Cir.1995). That is, once a defendant claims qualified immunity, a plaintiff must plead "specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity." *Id.* at 922.

■ The district court found that Sollitto's Supplemental Amended Complaint alleged that defendants sought to prevent Sollitto from running for union office, but nevertheless granted defendants qualified immunity because it found the right to run for union office is not clearly established under the First Amendment. Because we find that Sollitto's Supplemental Amended Complaint does not support his claim that defendants sought to hinder his union office campaign, we need not address whether the right to run for union office is clearly established.

In *Monks v. Marlinga,* 923 F.2d 423, 425 (6th Cir.1991), we found, "under the minimal standards of notice pleading," that summary judgment was appropriate on the plaintiffs' section 1983 claim that they were terminated because of their union activities. There, we found that the record demonstrated that the plaintiffs' union activities could not have prompted their discharge because the defendant claimed that he was unaware of the plaintiffs' union affiliation and the plaintiffs failed to respond to his claim. *See id.*

Under *Monks* and the heightened pleading standard articulated in *Veney,* Sollitto's Supplemental Amended Complaint fails to support his claim that defendants sought to hinder his union office campaign. It does not allege specific facts that would demonstrate either Mitchell, Visintine or

Morrison intentionally tried to interfere with—or even knew about—Sollitto's campaign for union office.

Sollitto's conclusory claims of retaliation because of his "actions" in the "areas of organized labor and expression" likewise lack the specificity to defeat defendants' qualified immunity defense. *Cf. Veney*, 70 F.3d at 922 ("It is this sort of inchoate, generalized form of pleading that fails to convey to the district court the information it needs to determine whether a defendant is entitled to qualified immunity.").

### III.

Because Sollitto's Complaint, as amended and supplemented, does not allege facts that would overcome the defendants' qualified immunity defense, the district court's dismissal of Sollitto's claim is AFFIRMED.

Batchelder, Circuit Judge, filed opinion concurring in part and dissenting in part.