[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10407
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-CV-21188-JLK

ERNEST HEFLIN,

Plaintiff-Appellant,

versus

MIAMI-DADE COUNTY, a Florida Political Subdivision,
EDUARDO PARES,
LUIS CORREA, JR.,
RODERICK SILVA,
JOHN DOE, whose identify has been
concealed by the defendants, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 19, 2010)

Before BIRCH, MARTIN and COX, Circuit Judges.

PER CURIAM:

Ernest Heflin filed this 42 U.S.C. § 1983 action against Miami-Dade County, Miami-Dade Police Sergeant Pamela Jackson, former Miami-Dade Police Department Director Robert Parker, and Miami-Dade Police Officers Eduardo Pares, Luis Correa, Jr., Roderick Silva, and John Doe. The complaint alleges, in part, that the police officer defendants went to Heflin's house in response to a phone complaint about a dispute between two women, that they entered the home without performing an investigation, immediately handcuffed Heflin, pushed him to the ground, dragged him out of the house, and arrested him. Counts I through V of the complaint allege that: (I) Pares, Correa, and Silva violated Heflin's Fourth Amendment right to be free from excessive force; (II) these officers and John Doe failed to intervene to prevent the use of excessive force; (III) these officers and John Doe violated Heflin's Fourth Amendment right to be free from a false arrest; (IV) all individual defendants are liable under § 1983 for depriving Heflin of access to the courts; and (V) Miami Dade County is liable under § 1983 for excessive force/unlawful seizure, false arrest, and deprivation of access to courts. Counts VI and VII assert state law claims against Miami-Dade County for excessive force and false arrest.

All Defendants moved to dismiss the complaint on qualified immunity grounds and for failure to state a claim for which relief may be granted. The district court dismissed the complaint without prejudice because it failed to plead sufficient facts

to state a claim under § 1983 against a government official. (R.1-16.) Heflin moved the district court to vacate its order and for the judge to recuse himself. These motions were denied. (R.1-18.) Heflin then filed an amended complaint, and Defendants filed motions to dismiss. The district court then dismissed the amended complaint with prejudice for failure to state a claim. Its order notes that the amended complaint was identical to the original complaint with the exception of three sentences added to one of the seven accounts. (R.1-27.) Heflin again filed a motion to vacate the district court's order and for reconsideration, which the district court denied. (R.1-31.) Heflin appeals. After review, we reverse the dismissal of Counts I through III, affirm the dismissal of Counts IV through VII, and affirm the denial of Heflin's motion for recusal.

To survive a motion to dismiss, a complaint must allege facts which are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). A complaint "does not need detailed factual allegations," but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id*. at 555, 127 S. Ct. at 1964-65. With respect to § 1983 cases involving qualified immunity and claims against individual defendants, this circuit, "in an effort to weed out nonmeritorious claims, requir[es] that a § 1983 plaintiff allege with some specificity the facts which

3

make out its claim." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998) (citations omitted). The "complaint must 'include the specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity.'" *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (quoting *Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995)).

Counts I and III of the amended complaint contain sufficient factual allegations to state a claim for violations of Heflin's Fourth Amendment rights. These counts include conclusory allegations that the police officer defendants entered Heflin's home and arrested him without probable cause. Standing alone, these "labels and conclusions" would be insufficient to state a claim for relief under our heightened pleading standard. But, the amended complaint also alleges: (1) that the police officer defendants entered Heflin's home without his consent (R.1-21 at 4 ¶ 19; at 7 ¶ 48 ); (2) that a woman who lived in Heflin's home called 911 to report that her mother was attempting to take her child from her; (*id*. at 3 ¶ 18; at 7 ¶ 46); (3) that the officers handcuffed Heflin immediately upon entering his home even though he was not accused of committing a crime, nor did he commit a crime in their presence (*id*. at 4 ¶ 20-21; at 7 ¶ 49-50); and (4) that after handcuffing Heflin, the officers pushed him to the ground and dragged him out of the house (*id*. at 4 ¶ 22-26). These are

4

specific allegations of fact that, if proved, would establish that the defendants had notice that two women were involved in a domestic dispute, that they had no reason to believe that Heflin was involved in that dispute, and that they forcefully arrested Heflin without having any reason to do so. Therefore, Counts I and III sufficiently allege that the police officer defendants unreasonably seized Heflin and used excessive force in violation of his Fourth Amendment rights.

In Count II of the amended complaint Heflin alleges that the police officer defendants, to the extent they did not personally commit the Fourth Amendment violations, are liable for his injuries under § 1983 because they failed to intervene to stop the tortious conduct. "If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under section 1983." *Ensley v. Soper*, 142 F.3d, 1402, 1407 (11th Cir. 1998) (quotations and citation omitted). The amended complaint alleges that even if some of the Defendants did not personally commit the constitutional violations, they nevertheless witnessed the unlawful acts, had the opportunity to intervene, but failed to do so. (R.1-21 at 5-7 ¶ 30-44.). These are sufficient factual allegations to state a claim under § 1983 for a failure to intervene.

Count IV of the amended complaint alleges that all individual defendants interfered with Heflin's meaningful access to the courts. Counts V through VII assert § 1983 and Florida state law claims against Miami Dade County. Heflin does not argue on appeal that the district court erred in dismissing these claims. Issues not raised in an initial appellate brief are considered abandoned. *United States v. Levy*, 416 F.3d 1273, 1278 (11th Cir. 2005); *United States v. Dockery*, 401 F.3d 1261, 1262-63 (11th Cir. 2005). Therefore, the dismissal of Counts IV through VII is affirmed.

Heflin also appeals the district court's denial of his motion for recusal. A judge shall recuse himself in any proceeding in which his impartiality might reasonably be questioned or where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. *See* 28 U.S.C. § 455(a)-(b). "Bias sufficient to disqualify a judge . . . must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999) (quotation and citation omitted). Heflin offers conclusory allegations that the judge is biased against civil rights plaintiffs, but no evidence of extrajudicial bias. He has cited no specific acts that would call into

question the judge's impartiality.  Therefore, we conclude that the district court did not abuse its discretion in denying Heflin's motion for recusal.

AFFIRMED IN PART, REVERSED IN PART.